Ms. Jo Ann Hutchinson Executive Director Florida Commission for the Transportation Disadvantaged 605 Suwannee Street, MS-49 Tallahassee, Florida 32399-0450
Dear Ms. Hutchinson:
You have asked for my opinion on the following questions:
1. Is the Commission for the Transportation Disadvantaged an "agency" within the definition of section 287.012(1), Florida Statutes (1996 Supplement)?
2. Is the Commission for the Transportation Disadvantaged required to use some method of procurement set out in Chapter 287, Florida Statutes, when it procures or selects a community transportation coordinator which it will then fund to purchase transportation services at the local level?
3. If the answer to Question Two is yes, is a governmental unit, by virtue of section 287.057(3)(f), Florida Statutes (1996 Supplement) automatically exempt from competitive bidding if it expresses an interest in becoming a community transportation coordinator for transportation disadvantaged services?
4. If a governmental unit, by virtue of section 287.057(3)(f), Florida Statutes (1996 Supplement), is exempt from competitive bidding, must the commission nevertheless conduct competitive bidding if a not-for-profit or for-profit organization also expresses an interest in becoming a community transportation coordinator for transportation disadvantaged services?
In sum:
1. The Commission for the Transportation Disadvantaged fits the definition of an "agency" as provided in section 287.012(1), Florida Statutes (1996 Supplement).
2. The Commission for the Transportation Disadvantaged is not required to use the procedures described in Chapter 287, Florida Statutes, when it approves or rejects a community transportation coordinator; rather, competitive acquisition procedures must be utilized by the local agencies charged with recommending community transportation coordinators to the commission for selection.
3. and 4. In light of my answer to Question Two, no response to Questions Three and Four is necessary.
Question One
The Commission for the Transportation Disadvantaged is created within the Department of Transportation[1] for the purpose of coordinating the cost-effective provision of transportation by qualified community transportation coordinators or transportation operators.[2] The commission is assigned to the office of the Secretary of the Department of Transportation for purposes of administrative and fiscal accountability but otherwise functions independently of the control, supervision, and direction of the department.[3]
The members of the commission include a substantial number of executive level officers from state government: the Secretary of the Department of Transportation; the Secretary of the Department of Health and Rehabilitative Services; the Commissioner of Education; the Secretary of the Department of Labor and Employment Security; the Executive Director of the Department of Veterans' Affairs; the Secretary of the Department of Elderly Affairs; and the Director of the Agency for Health Care Administration.[4] In addition to these officers or their designees, all non-agency commission members are appointed by the Governor or the Commissioner of Agriculture.[5] Members of the commission may be removed by the Governor for cause.[6]
The commission is charged with developing a budget pursuant to the provisions of Chapter 216, Florida Statutes. After its approval by the commission, the budget must be transmitted to the Governor, as head of the Department of Transportation, along with the department's budget.[7] Chapter 216, Florida Statutes, deals generally with planning and budgeting and fiscal affairs of the state.
You ask whether the Commission for the Transportation Disadvantaged would fall within the definition of an "agency" set forth in section 287.012(1), Florida Statutes (1996 Supplement). The statute provides that the term agency "means any of the various state officers, departments, boards, commissions, divisions, bureaus, and councils and any other unit of organization, however designated, of the executive branch of state government."
Based on the inclusion of the Commission for the Transportation Disadvantaged within the Department of Transportation, the requirement that the commission's budget be approved by the Governor, and the concentration of executive branch officers as members of the commission, it is my opinion that the Commission for the Transportation Disadvantaged is an "agency" within the scope of the definition provided in section 287.012(1), Florida Statutes (1996 Supplement).
Question Two
A "[c]ommunity transportation coordinator" is defined for purposes of Chapter 427, Florida Statutes, to mean
"a transportation entity recommended by a metropolitan planning organization, or by the appropriate designated official planning agency as provided for in ss. 427.011-427.017 in an area outside the purview of a metropolitan planning organization, to ensure that coordinated transportation services are provided to the transportation disadvantaged population in a designated service area."[8]
Community transportation coordinators have the following powers and duties pursuant to section 427.0155, Florida Statutes:
"(1) Execute uniform contracts for service using a standard contract, which includes performance standards for operators.
(2) Collect annual operating data for submittal to the commission.
(3) Review all transportation operator contracts annually.
(4) Approve and coordinate the utilization of school bus and public transportation services in accordance with the transportation disadvantaged service plan.
(5) In cooperation with a functioning coordinating board, review all applications for local government, federal, and state transportation disadvantaged funds, and develop cost-effective coordination strategies.
(6) In cooperation with, and approved by, the coordinating board, develop, negotiate, implement, and monitor a memorandum of agreement including a service plan, for submittal to the commission.
(7) In cooperation with the coordinating board and pursuant to criteria developed by the Commission for the Transportation Disadvantaged, establish priorities with regard to the recipients of nonsponsored transportation disadvantaged services that are purchased with Transportation Disadvantaged Trust fund moneys.
(8) Have full responsibility for the delivery of transportation services for the transportation disadvantaged as outlined in s.427.015(2)."[9]
In selecting a community transportation coordinator, the statute requires that:
"Each metropolitan planning organization or designated official planning agency shall recommend to the commission a single community transportation coordinator. The coordinator may provide all or a portion of needed transportation services for the transportation disadvantaged but shall be responsible for the provision of those coordinated services. Based on approved commission evaluation criteria, the coordinator shall subcontract or broker those services that are more cost-effectively and efficiently provided by sub-contracting or brokering. The performance of the coordinator shall be evaluated based on the commission's approved evaluation criteria by the coordinating board at least annually. A copy of the evaluation shall be submitted to the metropolitan planning organization or the designated official planning agency, and the commission. The recommendation or termination of any community transportation coordinator shall be subject to approval by the commission."[10]
As related above, section 427.015(2), Florida Statutes, requires that a metropolitan planning organization or the local designated official planning agency recommend a single community transportation coordinator. Nothing in the statute requires a competitive bidding process to be utilized by the Transportation Disadvantaged Commission in selecting a community transportation coordinator; rather, the statute recognizes that the commission merely approves or rejects the selection made locally.
The competitive element of this process is satisfied by the procedure established for the local selection of a community transportation coordinator by the metropolitan planning organization or official planning agency. Rule 41-2.010, Florida Administrative Code, establishing the procedure for the selection of a community transportation coordinator, provides:
"Selection of the Community Transportation Coordinator will be accomplished, to the maximum extent feasible, through public competitive bidding or proposals in accordance with applicable laws and rules."[11]
Exceptional circumstances are also recognized for situations where competitive procedures may not be accommodated:
"Selection of agencies as Community Transportation Coordinators or Transportation Operators may be negotiated without competitive acquisition, upon the determination of the Metropolitan Planning Organization or Designated Official Planning Agency that it is in the best interest of the transportation disadvantaged. This includes circumstances such as emergencies, or insufficient competition availability."[12]
Therefore, it is my opinion that the Commission for the Transportation Disadvantaged is not required to use the procedures described in Chapter 287, Florida Statutes, when it approves or rejects a community transportation coordinator, rather, competitive acquisition procedures must be utilized by the local agencies charged with recommending community transportation coordinators to the commission for selection.
Questions Three and Four
In light of my answer to Question Two, no response to these questions is necessary.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 427.012, Fla. Stat. (1996 Supp.).
[2] Section 427.013, Fla. Stat.
[3] Section 427.012(7), Fla. Stat. (1996 Supp.).
[4] Section 427.012(1)(a)-(g), Fla. Stat. (1996 Supp.).
[5] See, s. 427.012(1)(j), (k), (o), (p), Fla. Stat. (1996 Supp.) and Rule 41-2.003, F.A.C.
[6] Section 427.012(5), Fla. Stat. (1996 Supp.).
[7] Section 427.012(8), Fla. Stat. (1996 Supp.).
[8] Section 427.011(5), Fla. Stat. And see, Rule 41-2.009(1), F.A.C., which provides that "[i]n areas not covered by a Metropolitan Planning Organization, agencies eligible for selection as Designated Official Planning Agencies include County or City governments, Regional Planning Councils, Metropolitan Planning Organizations from other areas, or Local Planning Organizations who are currently performing planning activities in designated service areas.
[9] And see, Rule 41-2.011, F.A.C., describing the powers and duties of a community transportation coordinator.
[10] Section 427.015(2), Fla. Stat.
[11] Rule 41-2.010(3), F.A.C.; and see, subparagraph (4), setting forth the requirements for requests for proposals when that selection method is used.
[12] Rule 41-2.010(2), F.A.C.